JUAN MANUEL LOPEZ-GARCIA
Reg. No. 24667-031
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA  24263

FILED
U.S. District Court
District of Kansas

JAN 24 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS (Kansas City)

JUAN MANUEL LOPEZ-GARCIA,

Plaintiff(s),

vs.

UNITED STATES OF AMERICA,

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case Number:  **2:14-cr-20071-JAR-7**

## EXHIBIT: A IN SUPPORT OF

PETITIONER LOPEZ-GARCIA'S
MOTION TO RE-OPEN 2255
PROCEEDINGS PURSUANT TO
F.R.Civ.P. Rule 60(b)(2), (3), (4), (6) and
(d)(3)

* Evidentiary Hearing Requested
* Appointment of Counsel Requested

## EXHIBIT: A IN SUPPORT OF
## Case Number:  2:14-cr-20071-JAR-7

## PETITIONER LOPEZ-GARCIA'S MOTION TO RE-OPEN 2255 PROCEEDINGS
## PURSUANT TO F.R.Civ.P. Rule 60(b)(2), (3), (4), (6) and (d)(3)

follow . . . ." 304 Kan. at 141; see also ABA Compendium of Professional Responsibility Rules and Standards, at 462 (2012).

The panel concluded that respondent violated KRPC 3.3(a)(1), which states that "[a] lawyer shall not *knowingly* make a false statement of fact or law to a tribunal . . . ." (Emphasis added.) (2015 Kan. Ct. R. Annot. 601). The panel also concluded respondent violated KRPC 8.4(c) ("It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.") and KRPC 8.4(d) ("It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.") (2015 Kan. Ct. R. Annot. 672). Finally, the panel concluded that respondent violated Supreme Court Rule 208—attorneys admitted in Kansas must pay an annual fee and register, and only attorneys registered as active may practice law in Kansas. (2015 Kan. Ct. R. Annot. 342). And additionally, we have concluded that respondent violated Supreme Court Rule 218(c)(1) and KRPC 5.5(a). Again, Rule 218(c)(1) states that "[i]t is the unauthorized practice of law and a violation of KRPC 5.5 for . . . a suspended . . . attorney to practice law after the Supreme Court enters an order suspending" that attorney. (2015 Kan. Ct. R. Annot. 401-02). Finally, KRPC 5.5(a) provides: "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." (2015 Kan. Ct. R. Annot. 641).

At least one of respondent's violations—KRPC 3.3(a)(1)—clearly establishes "knowingly" as the culpable mental state for making a false statement to a tribunal. See *In re Kline*, 298 Kan. 96, 125-26, 311 P.3d 321 (2013) (violation of KRPC 3.3[a][1] requires actual knowledge of falsity). He concedes two others—KRPC 8.4(c) and Supreme Court Rule 208—also involved knowing acts on his part.

Respondent's violations and the record both reveal he acted with knowledge. But respondent argues he was acting negligently when he applied for pro hac vice status. He

contends at the time of his application he believed he was not suspended in Kansas, but simply on inactive status. This argument fails for two reasons.

First, the record indicates that respondent had actual knowledge of his suspension. Twice he received letters from this court specifically informing him of his suspension and the procedure for reinstating his license. And twice he called the court's clerk to inquire how to reactivate his license. Even with this knowledge, he still submitted two pro hac vice admissions where he failed to include his Kansas suspension, as required by the application.

Second, the argument that he negligently believed he was inactive in Kansas does not explain his failure to include his Kansas bar admission on the verified application for pro hac vice admission. The application required respondent to list all "[b]ars to which the applicant is admitted, the dates of admission, and the applicable attorney registration number(s)." Even if respondent had acted under the belief he was simply on inactive status, he was still a lawyer admitted to the Kansas bar and listed as such with the Office of Attorney Registration.

Respondent also argues that the panel's conclusion that he acted with a negligent mental state was associated with his "duty to the legal profession to understand and abide by the licensing and professional practice rules of the Kansas Supreme Court." In other words, he negligently failed to understand the rules. But the factual basis for the majority of respondent's violations was the knowingly made false statements to a tribunal. As the Disciplinary Administrator correctly notes, respondent could not knowingly make a false statement negligently under KRPC 3.3(a)(1). The circumstances surrounding respondent's pro hac vice applications and admissions establish a level of culpability beyond mere negligence. We conclude that respondent acted with a knowing mental state and therefore knowingly violated his duty.

*The hearing panel did not err in considering Kansas Supreme Court Rule 217 as a mitigating factor.*

The Disciplinary Administrator also argues that the panel erred in considering an amendment to Supreme Court Rule 217(c)(1) as a mitigating factor. Prior to the enactment of the amendment, the rule allowed attorneys involved in a disciplinary investigation to voluntarily surrender their license to practice law. In 2012, Supreme Court Rule 217 was amended to give even attorneys in good standing the option to voluntarily surrender their license:

> "If an attorney voluntarily surrenders the attorney's license to practice law when the attorney is not under investigation for attorney misconduct and an investigation is not anticipated, the attorney's name is stricken from the roll of attorneys. The attorney must be in good standing at the time of the surrender." (2015 Kan. Ct. R. Annot. 390).

Utilizing this change in the rule, the panel concluded:

> "An additional factor considered by the hearing panel relates to a change in Supreme Court Rule 217. At the time the respondent took inactive status, the rule did not allow for the surrender of license—the respondent had to choose between registering as an active attorney or an inactive attorney. Each status carried with it annual registration requirements. However, since that time, the rule has changed and attorneys have an additional option to consider.

> . . . .

> "Thus, if this rule had existed at the time the respondent took inactive status, the respondent would have had a third option. The hearing panel considers this to mitigate the respondent's misconduct."

*Barker*, 299 Kan. 158, 167, 321 P.3d 767 (2014) (same); *Harrington*, 296 Kan. at 387 (same). Additionally, the formal complaint provides that "all evidence of aggravating and mitigating circumstances shall be presented at the hearing."

In the instant case, the record supports the panel's finding that, had the option been available, respondent may have voluntarily surrendered his license. Respondent testified that he went inactive and was ultimately suspended because of monetary concerns and he did not want to pay the fee in Kansas when he did not practice here. But the reason for respondent's administrative suspension—*i.e.*, his financial reasons for failing to pay the attorney registration fee—is not at issue in this disciplinary action. Rather, at issue is respondent's candor toward the tribunal when applying for pro hac vice admission and his unauthorized practice of law after that admission was granted on misleading facts. So, it is unclear why respondent's potential surrender of a legal license would mitigate those violations.

Regardless, in assigning discipline the panel considered five other mitigating circumstances and did not assign weight to its consideration of each. In addition to considering Supreme Court Rule 217, the panel also found: absence of prior discipline, timely good faith effort to rectify consequences of misconduct, full cooperation with disciplinary process, previous good character and reputation in the community, and remorse. As for aggravating factors, the panel found: a pattern of misconduct for 16 years, multiple offenses—violations of KRPC 3.3(a), KRPC 8.4(c), KRPC 8.4(d), and Rule 208—and substantial experience in the practice of law. Accordingly, the panel may have given very little weight to Rule 217 as a mitigating factor when weighing it against the totality of the mitigating and aggravating circumstances presented to it.

We conclude the panel did not err in considering Supreme Court Rule 217 as a mitigating circumstance because some evidence of respondent's wish to voluntarily suspend his license was presented. However, we also conclude that the reasoning behind

22

respondent's administrative suspension from the practice of law does not mitigate his current rule violations—*i.e.*, candor toward the tribunal and the unauthorized practice of law. Thus, we assign little weight to the current availability of a voluntary surrendering of a law license under Supreme Court Rule 217.

*Appropriate Discipline*

Given our conclusions that respondent additionally violated Rule 218(c)(1) and KRPC 5.5(a), that he acted with a knowing mental state, and that the panel properly considered evidence of mitigating circumstances, the only remaining issue before us is to determine the appropriate discipline for respondent's violations. The ABA Standards provide guidance for appropriate sanctions. See *In re Mitz*, 298 Kan. 897, 912, 317 P.3d 756 (2014) (ABA Standards are guidelines to assist the court and disciplinary panels). For violations of duties owed to the legal system—*e.g.*, misrepresentation—and violations of other duties owed as a professional—*e.g.*, the unauthorized practice of law—the ABA recommends:

> "6.12  Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

> "6.22  Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or party, or causes interference or potential interference with a legal proceeding.

> "7.2  Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."

23

Considering both the panel's findings and our legal conclusions, a majority of the court holds that respondent is to be suspended from the practice of law in the state of Kansas for a period of 60 days. A minority of this court would impose a greater sanction. Additionally, respondent must comply with Supreme Court Rule 218. The costs of the proceedings shall be assessed to respondent.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Kenton M. Hall be and is hereby suspended from the practice of law in the state of Kansas for 60 days in accordance with Supreme Court Rule 203(a)(2) (2015 Kan. Ct. R. Annot. 293), effective on the filing of this decision.

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

A true copy ATTEST

*Douglas T. Shima*

Clerk Supreme Court

24

## IN THE SUPREME COURT OF MISSOURI
## EN BANC

**IN RE:**                                )
                                          )
**KENTON M. HALL**                        )          Supreme Court No._____
600 E. 8th Street, Ste. A                 )
Kansas City, MO  64106                    )
                                          )
Missouri Bar No. 39212                    )
                                          )
                         Respondent.      )

## <u>TERM AND CONDITIONS OF PROBATION</u>

### TERM OF PROBATION

The term of this probation shall be as follows:

<u>Term of Probation</u>:  Respondent shall be on probation for 12 months.  The probation

period shall begin to run upon the entry of an order of discipline by the Missouri Supreme

Court.

### CONDITIONS OF PROBATION

The conditions of the probation shall be satisfied prior to termination of the

probation.  The conditions are:

1.   <u>Probation Monitor:</u>  The Probation Monitor for the term of probation shall

be Carl Schaeperkoetter of the OCDC, or such other person as the Chief

Disciplinary Counsel shall designate in his stead;

2.   <u>Quarterly Reporting Responsibility:</u>

**EXHIBIT B**

a. Respondent shall submit written quarterly reports to the Probation Monitor concerning the status of Respondent's practice of law and the extent and nature of Respondent's compliance with the conditions of probation. The quarterly reports shall be due as of March 31, June 30, September 30, and December 31 of each calendar year during the probation term. If the first report would cover less than thirty (30) days, that report shall be submitted on the following quarter and shall cover the extended period. Each quarterly report shall include:

(1.) any address change;

(2.) any arrests of Respondent;

(3.) any criminal charges brought against Respondent;

(4.) any criminal conviction of Respondent;

(5.) any civil lawsuit filed against Respondent;

(6.) any civil judgment entered against Respondent;

(7.) a description of any disputes with clients;

(8.) a written statement under penalty of perjury regarding whether Respondent has complied with the Rules of Professional Conduct and all conditions of probation during the preceding calendar quarter;

(9.) notification to the OCDC of any investigation of the Respondent, or any action taken by the Respondent, which would raise a question as to Respondent's fitness to practice law; and

2

b. In addition to all quarterly reports, a final report containing the same information, is due no earlier than thirty (30) days or less than fifteen (15) days prior to the last day of the probation period.  With the final report, Respondent may file an application with the Court for an order of successful completion of probation as set forth in Rule 5.225(g).   The application shall be accompanied by an affidavit that Respondent has complied with all terms of probation.  A copy of the application and affidavit shall be served on the Office of Chief Disciplinary Counsel.

3.   <u>Compliance with Rules of Professional Conduct:</u>

a. Respondent shall not engage in conduct that violates the Rules of Professional Conduct;

b. Receipt of a complaint by the OCDC during the probation term alleging that Respondent has violated the Rules of Professional Conduct does not, in itself, constitute a violation of the terms of probation;

c. In the event that the OCDC receives a complaint during the Respondent's participation in the probation program, the term of the probation shall be extended until such charge has been investigated and a determination made by the OCDC regarding disposition of such charge.

4.   <u>Ethics School:</u>

During the term of probation, Respondent shall attend and fully participate in all aspects of the Ethics School program, also known as *"Keeping Your Law Practice on Track"* developed and offered by The Missouri Bar and the

3

OCDC.  Participation includes, but is not limited to, attendance at all in-person and webinar sessions, and all follow-up programs such as the Practice Improvement Discussion Group.   Attendance may be counted toward the CLE requirements set forth in Rule 15.05.



## Supreme Court of Missouri
### en banc

June 13, 2017

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Kenton M. Hall | ) | |
| | ) | No. SC96488 |
| | ) | |
| | ) | |
| | ) | MO Bar No. 39212 |
| | ) | |
| Respondent. | ) | |

### ORDER TO SHOW CAUSE

Now on this 13th day of June, 2017, pursuant to Supreme Court Rule 5.225, it is hereby ordered that Kenton M. Hall, a member of the bar of Missouri, show cause to this Court why he should not be disciplined based on the information provided in the information and motion for reciprocal discipline filed with this Court on the 12th day of June, 2017. Respondent's response to this show cause order is due on the 13th day of July, 2017.

Patricia Breckenridge
Chief Justice

ATE OF MISSOURI – SCT.:

I, BETSY AUBUCHON, Clerk of the Supreme Court of Missouri, do hereby certify that the foregoing is a true copy of the order of said

t, entered on the 13th day of June, 2017, as fully as the same appears of record in my office.

IN TESTIMONY WHEREOF, *I have hereunto set my hand and affixed the seal of said Supreme Court*

*Done at office in the City of Jefferson, State aforesaid, this 13th day of June, 2017.*

_____, Clerk

_____, Deputy Clerk

# IN THE SUPREME COURT OF MISSOURI

## EN BANC

IN RE: )
                                                 )
KENTON M. HALL. )         SC96488
                                                 )
        Respondent. )         Missouri Bar # 39212

## <u>MOTION FOR EXTENSION OF TIME</u>

## <u>TO FILE RESPONSE TO SHOW CAUSE ORDER</u>

COMES NOW, Respondent, by and through counsel, and moves this Court for an extension of time to file his Response to the Show Cause Order:

1.      Respondent was disciplined by the Kansas Supreme Court on September 2, 2016.

2.      Informant filed an Information and Motion for Reciprocal Discipline on June 12, 2017.

3.      This Court issued an Order to Show Cause on June 13, 2017.

4.      The Response to the Order to Show Cause is due July 13, 2017.

5.      Respondent is in the process of obtaining items related to his Kansas case in preparation for filing his Response, but the Independence Day holiday and vacations have delayed the process.

6.      Respondent is requesting an extension until July 27, 2017, to file his Response.

7.      Counsel for Informant has consented to this extension.

8.      This extension will serve the interests of justice.

WHEREFORE, Respondent prays for an extension to file his Response to the Order to Show Cause until July 27, 2017, and for such other relief as this Court deems just and proper.

Respectfully submitted,

Rittman Law, LLC

Sara Rittman 29463
2208 Missouri Blvd Ste 102 #314
Jefferson City MO 65109-4742

573-584-9347
srittman@rittmanlaw.com
web fax 888-498-7535

### Certificate of Service

I certify I signed the "original" in accordance with Rule 103.04 and that this 7th day of July, 2017, I have served a true an accurate copy of the foregoing via efiling to:

Sharon Weedin



## Supreme Court of Missouri
### en banc

SC96488

In re: Kenton M. Hall, Respondent.

☐  Sustained

☐  Overruled

☐  Denied

☐  Taken with Case

☐  Sustained Until

☒  Other

Order issued: Respondent's motion for extension of time to file response to show cause order sustained. Respondent's response to show cause order is now due on or before July 27, 2017.

By: _____        ___July 10, 2017___
                    Chief Justice                                    Date

## IN THE SUPREME COURT OF MISSOURI

### EN BANC

IN RE:                          )
                                )
KENTON M. HALL.                 )    SC96488
                                )
        Respondent.             )    Missouri Bar # 39212

### RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Respondent, by and through counsel, and for his Response to the Order to Show Cause states:

1.      Respondent admits the allegations in the Information and Motion for Reciprocal Discipline.

2.      Respondent believes that the probation recommended by Informant would be the appropriate disciplinary action.

3.      Respondent stipulated to the facts establishing his conduct in the Kansas proceeding.

4.      Respondent's affidavit is attached as Exhibit 1 to provide Respondent's direct testimony to this Court.

5.      The Kansas Hearing Panel found three aggravating factors: a pattern of misconduct, multiple offenses, and substantial experience in the practice of law.  It appears that the Kansas Supreme Court accepted those findings.

6.      The Hearing Panel in Kansas found the following mitigating factors that were apparently accepted by the Kansas Supreme Court:

1

a. <u>Absence of a Prior Disciplinary Record</u>. The respondent has not previously been disciplined.

b. <u>Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct</u>. The respondent immediately withdrew from his representation of S.L.S. Additionally, the respondent immediately refunded the entire fee paid on behalf of S.L.S. Further, the respondent also called the disciplinary administrator to report his conduct immediately after realizing his pro hac vice application misrepresentations.

c. <u>The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions</u>. The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations. Finally, the respondent stipulated that he violated KRPC 3.3(a)(l), KRPC 8.4(c), KRPC 8.4(d), and Kan. Sup. Ct. R. 208.

d. <u>Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney</u>. The respondent is an active and productive member of the bar of Kansas City, Missouri. The respondent also enjoys the respect of his peers and generally possesses a

2

good character and reputation as evidenced by the testimony of his peers
as well as evidenced by several letters received by the hearing panel.
Further, the respondent has given back to the profession by providing
pro bono representation on many occasions.

e. <u>Remorse</u>. At the hearing on this matter, the respondent expressed
genuine remorse, embarrassment, and shame for the misconduct.

f. Additional Consideration. An additional factor considered by the
hearing panel relates to a change in Supreme Court Rule 217. At the time
the respondent took inactive status, the rule did not allow for the
surrender of license-the respondent had to choose between registering as
an active attorney or an inactive attorney. Each status carried with it
annual registration requirements. However, since that time, the rule has
changed and attorneys have an additional option to consider.

7.     Fellow attorneys who provided testimony or letters of support regarding
Respondent's character in the Kansas proceeding have provided character letters in this
proceeding.  Informant's counsel has consented to this information being presented in
letter form.  Letters from the following support Respondent's good character and
reputation:

a.  Leon Munday.  (Exhibit 2).

b.  Joel Elmer. (Exhibit 3).

c.  Melanie Morgan.  (Exhibit 4).

3

    d.  Anita Burns.  (Exhibit 5).

    e.  Patrick Berrigan.  (Exhibit 6).

    f.  Stephen Patton. (Exhibit 7).

8.     Respondent's Kansas license remains administratively suspended, as a result of his

nonpayment of fees.  Respondent intends to further inquire about his options, including

the possibility of surrender under the relatively recent Kansas rule change.

9.     With Respondent's consent and agreement, the United States District Court for the

District of Kansas suspended Respondent's license for sixty days, in light of the Kansas

suspension order.  (Exhibit 1C).

10.    The United States District Court for the Western District of Missouri chose not to

discipline Respondent.  (Exhibit 1D).

11.    This Court has no obligation to impose the same or harsher discipline as compared

with that imposed in another state.  In this case, there is no need to impose a suspension.

The probation recommended by Informant is fully sufficient to keep Respondent from

practicing "unblemished" in Missouri.  *See, In re Hess,* 406 S.W.3d 37, 42 (2013).

12.    After being suspended in Kansas and the Kansas federal court, an additional

mitigating factor applies: "Standard 9.32(k) imposition of other penalties or sanctions."

13.    Although Respondent was not actively practicing in Kansas state courts, he was

actively practicing in Kansas federal court.  Respondent has suffered significant

consequences from his actions.  Suspending Respondent's Missouri license will not serve

to protect the public or the integrity of the legal system, in light of the consequences he

has already experienced.

4

14.     If this Court concludes that Respondent's Missouri license should be suspended, this Court has the option to suspend Respondent for a period shorter than six months, for good cause.  Rule 5.28(e)(1).  The fact that the Kansas Supreme Court imposed a sixty-day suspension, should be considered good cause.

    WHEREFORE, Respondent prays this Court to issue an Order placing him on probation and for such other relief as this Court deems just and proper.

                                    Respectfully submitted,

                                    Rittman Law, LLC

                                    Sara Rittman 29463
                                    1709 Missouri Blvd Ste 2 #314
                                    Jefferson City MO 65109-1788

                                    573-584-9347
                                    srittman@rittmanlaw.com
                                    web fax 888-498-7535

## CERTIFICATE OF SERVICE

I certify I signed the "original" in accordance with Rule 103.04 and that this 27th day of July, 2017, I have served a true an accurate copy of the foregoing via efiling to:

 Sharon K. Weedin

**Exhibits**

**Exh.**

**No.**   **Description**

1      Affidavit of Kenton M. Hall

1A     2009 Kansas Registration form

1B     Kansas Complaint

1C     USDC Kansas Order 9-27-16

1D     USDC WDMo Order 10-5-16

2      Munday letter

3      Elmer letter

4      Morgan letter

5      Burns letter

6      Berrigan letter

7      Patton letter

## AFFIDAVIT OF KENTON M. HALL

My name is Kenton M. Hall, and I am over eighteen years of age. I have personal knowledge of the facts and circumstances contained herein. I accept and agree with the recommendation of the Missouri Chief Disciplinary Counsel that I be placed on probation for one year.

### My Background

I graduated from Washburn University School of Law in May 1988. I was admitted to the Bar of the state of Kansas in October 1988. I was admitted to the Bar of the state of Missouri in April 1989.

I worked for almost two years for a civil litigation firm in Overland Park, Kansas, maintaining my licenses in both states.

In 1990, I joined the Missouri State Public Defender system as a trial attorney in Buffalo, Missouri. That began a 13-year career as a Public Defender that would take me to Kansas City, Jackson, Springfield, and St. Louis. I was the head of the Public Defender offices in Jackson, Springfield, and St. Louis. In 1999, I was awarded the system's highest honor, Defender of Distinction.

Pursuant to section 600.021.2, RSMo, an attorney for the Missouri State Public Defender System cannot maintain a private practice. At the time, I envisioned that I would devote my entire legal career in the service of the Missouri Public Defender. I placed my Kansas license on inactive status because my practice as a Missouri Public Defender would not take me into the courts of Kansas. Later, when I was in southeast

**EXHIBIT**
**1**

Kenton M. Hall Affidavit Page 1 of 7

Missouri and did not have the opportunity to attend Kansas approved CLE's, as the Kansas rules required I stopped paying the annual inactive fee. Money was tight because I worked as a Public Defender and I was helping to support my mother. Based on my understanding that nonpayment of the inactive fee would only result in an administrative suspension that would not require application to the Court, I decided to stop paying the inactive fee. At that time, I believed my status was still "inactive."

In 2003, I resigned as a Public Defender, moved back to Kansas City, and began a solo practice in criminal defense. Since then, my practice has been almost exclusively in the federal courts for the Western District of Missouri and the District of Kansas, plus the municipal and state courts of Missouri.

My membership in The Missouri Bar has remained active. I have maintained enrollment in the Bars of the United States District Courts for the Western District of Missouri and the District of Kansas. I am currently on the CJA panel in Missouri and have previously served on the CJA panel in Kansas. In Missouri, I have served on the committee that makes recommendations regarding retention of magistrate judges.

I focus my non-appointed practice on clients of modest means who do not qualify for representation by the public defender system. I do a significant amount of pro bono work and I qualified for pro bono recognition by The Missouri Bar during the past year.

<u>My Conduct</u>

I briefly investigated the possibility of reactivating my Kansas license in 2003 and 2009, but that would have required ten years of CLE documentation in 2003 and twelve

Kenton M. Hall Affidavit Page **2** of 7

(12) years of CLE documentation in 2009.  The documentation would have to identify the specific programs I attended.  When I worked for the Public Defender System much of my CLE was in-house and I did not maintain my own documentation.  I checked with The Missouri Bar and found that they could only provide me with copies of my MCLE reports that listed the specific CLE programs I attended for three years.

I thought I could appear in Kansas state courts on a pro hac vice basis, using my Missouri license.  As a result, on two occasions, I employed local counsel in Kansas and applied for admission pro hac vice.  I decided to appear pro hac vice after running the idea past several other attorneys.

When I filled out the pro hac vice application, I conflated the items that asked in what jurisdictions I was admitted and whether I was in good standing.  Subsection 4 of the rule required the application to include "the bar(s) to which the applicant is admitted."  Subsection 5 required "a statement that the applicant is a member in good standing of each bar."  I did not believe I was in good standing in Kansas.  I read it to require listing of bars in which I was in good standing.  My flawed thinking that this was what showed that I was licensed and in good standing in another state, forming the basis for my pro hac vice application.  Subsection 6 required "a statement that the applicant has not been the subject of prior public discipline."  I did not believe I had been publicly disciplined.  I thought that I was inactive and had been administratively suspended.  I did not think that was public discipline.  In 2009 when I explored reactivating my Kansas license, one of

the forms I received from Kansas, listed my current registration status as "INACTIVE," with no mention of suspension. (Exhibit 1A). That form reinforced my flawed thinking.

The Kansas Supreme Court found my violations to be "knowing." I agree that the correct information had been in my possession and it was correct to consider that I had knowledge. It was not *conscious* knowledge. I was sloppy and careless when I filled out the pro hac vice applications. This approach demonstrated extremely poor judgment. My sloppiness and carelessness was the basis for my argument, and the Kansas hearing panel's conclusion, that my conduct was negligent. I understand and accept the Kansas Supreme Court's conclusion that my conduct was knowing because I had received accurate information. The fact that I did not properly recall or understand that information does not excuse my conduct. I did not pay sufficient attention to the pro hac vice rule and application process. When I submitted the second pro hac vice application, I gave it little thought, having applied for pro hac vice status the previous year.

I was not seeking Kansas cases. I have only appeared pro hac vice in Kansas on two occasions. The Disciplinary Administrator learned of those occasions through me when I responded to the Disciplinary Administrator after the complaint was filed. The complaint filed in Kansas did not reference either of those circumstances. (Exhibit 1B). It references a municipal court case. That case is mentioned in the Kanas opinion. I never intended to appear on behalf of that municipal court client. I always intended to refer him to an actively licensed Kansas attorney. I originally referred him to Ruth Sanders but she and the client were not a good fit. I accepted a check from the client for

Kenton M. Hall Affidavit Page **4** of 7

a fee only to facilitate referral.  As it turned out, his check bounced and I never received a

fee from him.  I never did anything to represent him and I never referred him to another

attorney because he resolved the case himself.

     The first case in which I appeared pro hac vice was a case I took at a friend and

colleague's urgent request, in 2012.  I was helping a man who was facing deportation, if

he was convicted of some of the charges.  I met him and felt that I had bonded with him.

I accepted the case for a modest fee, considering the going rate in the Kansas City area.  I

split the fee evenly with local counsel in Kansas.  My desire to handle this Kansas case

for this man was not financially motivated.  I wanted to help him.  That case was

concluded before the complaint was filed in Kansas.  The jury acquitted the client of two

felony charges and found him guilty of two misdemeanors, for which he received

probation.  These misdemeanors did not result in the client's deportation.

     The second time I appeared pro hac vice in Kansas was in 2013.  A former

Missouri client brought his girlfriend to me.  The case was in Kansas.  Ruth Sanders is a

former Missouri Public Defender, who was office sharing with me.  I was trying to help

her get her private practice started and to get trial experience.  Her practice as a Public

Defender had been primarily appellate.  She was actively licensed in Kansas and I talked

to her about being my local counsel.  My intent was for her to primarily try the case, with

my guidance.  We were representing that client in August of 2013, when Ms. Sanders

filed the complaint with the Kansas Disciplinary Administrator.  She did not mention this

Kenton M. Hall Affidavit Page **5** of **7**

pending case when she filed the complaint. Once again, my conduct was not financially motivated.

<u>Action by Federal Courts</u>

The Kansas state court suspension did not have a substantial impact on my practice. I had withdrawn from the second pro hac vice case, during the Kansas investigation. As soon as I learned that my application had been improper, I took steps to withdraw.

The United States District Court for the District of Kansas also imposed a 60-day suspension. (Exhibit 1C). I believed that imposing a similar discipline was appropriate for another court located in Kansas and responded to that court accordingly. That action had a substantial impact on my practice, requiring me to withdraw from several cases.

The United States District Court for the Western District of Missouri considered the Kansas disciplinary action and chose to impose no disciplinary action. (Exhibit 1D).

<u>Conclusion</u>

I am mortified by my errors. The fact that I engaged in professional misconduct has had a devastating effect on me and has shaken me to my core. I am genuinely remorseful and the Kansas hearing panel recognized that in paragraph 36e. (Informant's Exhibit A, pg. 10).

I did not consciously act improperly but I did not meet my professional obligations to use the information in my possession and take steps to make sure I had an accurate understanding of my status and the pro hac vice application I submitted. I make no

Kenton M. Hall Affidavit Page 6 of 7

excuse. I offer this explanation to make clear my lack of personal motive and my lack of

intent to act improperly.

I ask this Court to follow the recommendation of the Missouri Chief Disciplinary

Counsel and place me on probation for one year.

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully submitted,

*Kenton M. Hall*

Kenton M. Hall

State of Missouri )
                  )ss.
County of Jackson )

Subscribed and sworn to before me this 26th day of July, 2017.

*Tami Lynn Jobe*

Notary Public

My Commission Expires:

TAMI LYNN JOBE
Notary Public, Notary Seal
State of Missouri
Platte County
Commission # 16847573
My Commission Expires December 08, 2020

Kenton M. Hall Affidavit Page 7 of 7

# KENTON M. HALL
## MISSOURI BAR NO. 39212

## MISSOURI SUPREME COURT
## CASE NO. SC96824

**SC96824**

## IN THE SUPREME COURT OF MISSOURI

### EN BANC

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTON M. HALL. | ) | SC_____ |
| | ) | |
| Petitioner. | ) | Missouri Bar # 39212 |

### PETITION FOR REINSTATEMENT

COMES NOW, Petitioner, by and through counsel, and files his Disciplinary

Form A, Petition for Reinstatement, as Attachment 1.

Petitioner has explained the fact that he did not mark an answer to questions 5, 8,

and 10 in Exhibit H.

Petitioner's "No" answer to question 7 is addressed in a motion to waive the

MPRE requirement, filed contemporaneously.

WHEREFORE, Respondent requests that this case be set for briefing and

argument and for such other relief as this Court deems just and proper.

Respectfully submitted,

Rittman Law, LLC

Sara Rittman 29463
1709 Missouri Blvd Ste 2 #314
Jefferson City MO 65109-1788

573-584-9347
srittman@rittmanlaw.com
web fax 888-498-7535

1

## CERTIFICATE OF SERVICE

I certify I signed the "original" in accordance with Rule 103.04 and that this 6th day of December, 2017, I have served a true an accurate copy of the foregoing via email to:

Sharon K. Weedin    Sharon.weedin@courts.mo.gov
Alan Pratzel         Alan.Pratzel@courts.mo.gov

## DISCIPLINARY FORM A

### PETITION FOR REINSTATEMENT
### TO PRACTICE LAW PURSUANT TO RULE 5.28

**Instructions:**

A. This petition is to be filed with the Clerk of the Supreme Court of Missouri by persons seeking reinstatement to practice law under Rule 5.28.

B. Petitions are continuing. Petitioners must provide new and updated responses to any question at any point while the petition is pending.

C. Petitions will be referred to the Chief Disciplinary Counsel for investigation. An additional questionnaire requiring further documentation will be provided at that time.

D. Petitioners should keep a copy of the completed petition.

**PERSONAL INFORMATION**

FULL NAME: _Kenton M. Hall_____

MISSOURI BAR NUMBER: _39212_____

**CONTACT INFORMATION**

HOME OR OFFICE PHONE: _816-474-3600_____   CELL PHONE: _816-808-4550____

EMAIL ADDRESS: _kenton.m.hall@gmail.com_____

STREET ADDRESS LINE 1: _600 E. 8th Street Ste. A_____

STREET ADDRESS LINE 2: _____

P.O. BOX: _____

CITY: _Kansas City_____

STATE: _MO_____

ZIP/POSTAL CODE: _64106_____

COUNTRY: _USA_____

## THRESHOLD REQUIREMENTS FOR REINSTATEMENT UNDER RULE 5.28 (CHECK THE APPROPRIATE RESPONSE)

☒ YES ☐ NO      1. I have paid the filing fee and reinstatement fee, required by Rule 5.28, to the Clerk of the Supreme Court of Missouri.

☒ YES ☐ NO      2. The minimum time period to apply for reinstatement set forth in the order of suspension or in Rule 5.28 for disbarment has passed.

☒ YES ☐ NO      3. I have attached copies of all suspension or disbarment orders entered by this Court against me as EXHIBIT A.

☒ YES ☐ NO      4. I believe that the cause for my suspension or disbarment has abated.

☐ YES ☐ NO      5. I have paid restitution to all persons injured as a result of the conduct that led to my suspension or disbarment, or their claims have been discharged by operation of law, or I have notified the injured persons of my intent to file this petition at least 10 days but not more than 90 days before the date of this petition. PROOF OF COMPLIANCE WITH THIS SECTION IS ATTACHED AS EXHIBIT B.

☒ YES ☐ NO      6. I have complied with all requirements established by the order suspending my license or disbarring me and by the requirements contained in Rules 5.27 and 5.28(b)(3).

☐ YES ☒ NO  
☐ N/A      7. I have attached proof that I have passed the multistate professional responsibility examination within two years of the date of this petition. PROOF OF COMPLIANCE WITH THIS SECTION IS ATTACHED AS EXHIBIT C. (Petitioners suspended solely under Rule 5.245 who have submitted their petition within six months (and have attached proof from the Department of Revenue that the cause of suspension has been resolved) and petitioners suspended solely under Rule 15.06 or Rule 6.01(f) should check: 'N/A' per Rule 5.28(e)).

☐ YES ☐ NO      8. If I was disbarred, I have attached proof that I have passed the bar examination prescribed by Rule 8.08 within one year of the date of this petition. PROOF OF COMPLIANCE WITH THIS SECTION IS ATTACHED AS EXHIBIT D.

☒ YES ☐ NO  
☐ N/A      9. I have attached proof, provided by The Missouri Bar, that I have met the continuing legal education requirements established for reinstatement petitioners in Rule 5.28(c). PROOF OF COMPLIANCE WITH THIS SECTION IS ATTACHED AS EXHIBIT E. (Petitioners suspended solely for either MCLE non-compliance or failure to pay fees should check: 'N/A' per Rule 5.28(e)).

2

☐     10(A). Check here if you have pleaded guilty, nolo contendere, or been convicted of any felony, whether sentence was imposed or not. If checked, list any such cases (including the case caption, court, and case number). *If checked, then respond to threshold requirement 10(B). If not checked, skip to threshold requirement 11.*

☐ YES ☐ NO    10(B). I have attached proof that I successfully completed any period of confinement and any subsequent period of probation or parole occurring as a result of the conviction, plea, or finding of guilt. PROOF OF COMPLIANCE WITH THIS SECTION IS ATTACHED AS EXHIBIT F.

☒ YES ☐ NO    11. I understand that I carry the burden to establish, by clear and convincing evidence, that I have good moral character and that the best interest of the public will be served by my reinstatement to practice law.

☒ YES ☐ NO    12. I understand that my petition will be referred to the Chief Disciplinary Counsel for investigation and may be referred to the Board of Law Examiners for a character and fitness investigation. I will cooperate with any investigation and will timely provide additional documentation as required by the Chief Disciplinary Counsel and the Board of Law Examiners.

☒ YES ☐ NO    13. I affirm that the above is true.

**STOP: IF YOU HAVE NOT COMPLETED THE PETITION OR IF YOU ANSWERED "NO" TO ANY OF THE ABOVE THRESHOLD REQUIREMENTS, THEN YOU ARE NOT ELIGIBLE TO BE REINSTATED AT THIS TIME. IN SUCH EVENT, THIS PETITION WILL BE SUBJECT TO DISMISSAL ON A MOTION BY THE CHIEF DISCIPLINARY COUNSEL.**

SIGNATURE: *Kenton M. Hall*

PRINTED NAME: Kenton M. Hall

DATE: 11/30/17

3



## Supreme Court of Missouri
### en banc

October 2, 2017

In re:  Kenton M. Hall,                              )
                                                     )
                    Respondent.                      )     Supreme Court No. SC96488
                                                     )     MBE # 39212

### ORDER

The Chief Disciplinary Counsel having filed an information and motion for reciprocal discipline pursuant to Rule 5.20 advising this Court of its findings, after investigation, that Kenton M. Hall was suspended from the practice of law by the Supreme Court of Kansas pursuant to the opinion of that Court issued on September 2, 2016 in Case No. 114,636, entitled In the Matter of Kenton M. Hall, Respondent; and

Said discipline was the result of conduct that violated Rules 4-3.3(a)(1), 4-5.5(a), 4-8.4(c), 4-8.4(d), and Rules 5.27 and 6.05 of the Missouri Rules of Professional Conduct; and

On June 13, 2017, this Court issued a show cause order to Respondent and Respondent filed a response to the same;

This Court finds that Respondent has violated the Rules of Professional Conduct and should be disciplined;

Now, therefore, it is ordered by this Court that the motion for reciprocal discipline is sustained and that Respondent Kenton M. Hall is hereby suspended from the practice of law for a period of six months from June 2, 2017.

It is further ordered that the said Respondent comply in all respects with Rule 5.27 – Procedure Following a Disbarment or Suspension Order.

Costs taxed to Respondent.

Day - to – Day

*Zel M. Fischer*

Zel M. Fischer
Chief Justice

**EXHIBIT**

**A**

STATE OF MISSOURI – SCT.:

I, Betsy AuBuchon, Clerk of the Supreme Court of Missouri, do hereby certify that the foregoing is a true copy of the order of said court, entered on the 2nd day of October, 2017, as fully as the same appears of record in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Supreme Court. Done at office in the City of Jefferson, State aforesai. this 2nd day of October, 2017.



_____, Clerk

_____, Deputy Clerk



# THE MISSOURI BAR

THE MISSOURI BAR CENTER
326 MONROE ST.
POST OFFICE BOX 119
JEFFERSON CITY, MISSOURI 65102
573/635-4128
FAX: 573/635-2811
E-MAIL: MOBAR@MOBAR.ORG
WEB SITE: HTTP://WWW.MOBAR.ORG

December 4, 2017

Kenton M. Hall
Kenton M. Hall, LLC
600 E. 8th Street Ste A
Kansas City, MO 64106

RE:    Supreme Court Rule 5.28(c)
         MBE# 39212

Dear Mr. Hall:

This letter informs you that you have met the requirement of Rule 5.28(c) to complete at least 15 hours of continuing legal education, including three hours of professionalism, substance abuse and mental health, ethics or malpractice prevention credit, within 12 months of your anticipated date for filing your application to reinstate your Missouri Bar license to active status.

If you have any questions, I am available at your convenience.

Sincerely,

Cindy Neagle

Cindy Neagle
MCLE Director

CN/als



EXHIBIT
E

**EXPLANATION RE QUESTIONS 5, 8, AND 10**

Question 5.  Respondent did not mark a box in response to Question 5 because it is not applicable to him, in that there was no individual person injured as a result of his conduct.  Respondent was suspended in Kansas for non-disciplinary reasons and erroneously believed that he could appear pro hac vice in Kansas, based on his Missouri license.

Question 8.  Respondent did not mark a box in response to Question 8 because it is not applicable to him, in that he was not disbarred.

Question 10.  Respondent did not mark a box in response to Question 10 because it is not applicable to him, in that he has not been the subject of a criminal proceeding.



EXHIBIT
**H**

**SC96824**

## IN THE SUPREME COURT OF MISSOURI

### EN BANC

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTON M. HALL. | ) | SC_____ |
| | ) | |
| Petitioner. | ) | Missouri Bar # 39212 |

## MOTION TO WAIVE MPRE REQUIREMENT FOR REINSTATEMENT

COMES NOW, Petitioner, by and through counsel, and moves this Court for an Order waiving the requirement that Petitioner pass the MPRE as a prerequisite to filing for reinstatement or being reinstated.

1.  Petitioner was suspended on October 2, 2017.

2.  Petitioner became eligible to apply for reinstatement on December 2, 2017.

3.  The MPRE was given on November 4, 2017.

4.  Per emails from NCBE to the undersigned, the deadline to register for the November 4, 2017, administration of the MPRE was September 14, 2017, and the late deadline to register was September 21, 2017.  The email conversation is attached.

5.  Per the NCBE website (http://www.ncbex.org/exams/mpre/registration/), the next administration of the MPRE will be March 24, 2018.

6.  Per an email from NCBE to the undersigned, the average time to obtain results from the MPRE is five weeks.

1

7. If Petitioner is required to pass the MPRE before applying for reinstatement or being reinstated, his suspension in Missouri will be longer than the Kansas suspension upon which the Missouri suspension is based.

8. Waiving the MPRE requirement would be consistent with this Court's Order of October 2, 2017, suspending Petitioner "from the practice of law for a period of six months from June 2, 2017."

9. In the alternative, if this Court will not completely waive the MPRE requirement, Petitioner asks this Court to allow him to apply for reinstatement and reinstate him on probation with the only condition that he pass the MPRE and that he be eligible to apply for termination of probation upon submission of evidence to OCDC that he passed the MPRE.

WHEREFORE, Respondent prays for an Order waiving the MPRE requirement and for such other relief as this Court deems just and proper.

Respectfully submitted,

Rittman Law, LLC

Sara Rittman 29463
1709 Missouri Blvd Ste 2 #314
Jefferson City MO 65109-1788

573-584-9347
srittman@rittmanlaw.com
web fax 888-498-7535

2

CERTIFICATE OF SERVICE

I certify I signed the "original" in accordance with Rule 103.04 and that this 6th day of December, 2017, I have served a true an accurate copy of the foregoing via email to:

Sharon K. Weedin       Sharon.weedin@courts.mo.gov
Alan Pratzel             Alan.Pratzel@courts.mo.gov

| From: | NCBE |
|-------|------|
| To: | srittman@rittmanlaw.com |
| Subject: | Re: Inquiry from www.ncbex.org |
| Date: | Wednesday, November 29, 2017 9:04:37 AM |

## Reply ABOVE THIS LINE to add a note to this request ##

Sara,

The late deadline for November 2017 MPRE was September 21, 2017.

Best,

Kasey B

National Conference of Bar Examiners http://www.ncbex.org/

> **From:**
> **Date:** November 29, 2017, 2:48 pm
> **Subject:** Re: Inquiry from www.ncbex.org
>
> Yes, that is what I am looking for.  If you could also give me the late registration deadline,
> I would greatly appreciate it.
>
>
> Sara Rittman
>
> 573-584-9347
>
> srittman@rittmanlaw.com
>
> Web fax: 888-498-7535
>
>
> **From:** NCBE [mailto:contact@ncbex.org]
> **Sent:** Wednesday, November 29, 2017 8:30 AM
> **To:** srittman@rittmanlaw.com
> **Subject:** Re: Inquiry from www.ncbex.org
>
> _____
>
> **From:** Kasey
> **Date:** November 29, 2017, 2:30 pm
> **Subject:** Re: Inquiry from www.ncbex.org
>
> Sara,
>
> I'm not exactly sure what date you are looking for, the registration deadline for the

November exam was September 14, 2017.

Best,

Kasey B

National Conference of Bar Examiners http://www.ncbex.org/

---

**From:**
**Date:** November 29, 2017, 2:25 pm
**Subject:** Re: Inquiry from www.ncbex.org

Thank you so much for your prompt response.  Could you also provide me with the application/registration dates for the November 4, 2017, MPRE?  Thank you.


Sara Rittman

573-584-9347

srittman@rittmanlaw.com

Web fax: 888-498-7535


**From:** NCBE [mailto:contact@ncbex.org]
**Sent:** Wednesday, November 29, 2017 8:23 AM
**To:** srittman@rittmanlaw.com
**Subject:** Re: Inquiry from www.ncbex.org


---

**From:** Kasey
**Date:** November 29, 2017, 2:22 pm
**Subject:** Re: Inquiry from www.ncbex.org

Sara,

The November MPRE was given November 4, 2017, these results will be released December 5, 2017. The March 2018 exam will be given on March 24, 2018, there is no release date set for this exam as it has not be given yet. Generally, results are available about 5 weeks after the exam.

Best,

Kasey B

National Conference of Bar Examiners http://www.ncbex.org/

**From:**

**Date:** November 29, 2017, 1:30 pm

**Subject:** Re: Inquiry from www.ncbex.org


**Select Topic from Menu**

contact@ncbex.org

**Enter Your Full Name**

Sara Rittman

**Enter Your Email Address**

srittman@rittmanlaw.com

**Enter your NCBE Number (optional)**

**Enter Jurisdiction to Which You Are Applying (if applicable)**

MO

**Subject**

Dates related to November 2017 MPRE exam

**Type Your Message**

I am representing an attorney seeking reinstatement in Missouri. The application dates and the date of administration of the November 2017 MPRE exam will be relevant in that process. Please also provide me with any information available about when the results of the March 2018 exam will be available.

## IN THE SUPREME COURT OF MISSOURI
## EN BANC

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KENTON M. HALL, | ) | Supreme Court No. SC96824 |
| 600 E. 8th Street, Suite A | ) | |
| Kansas City, MO  64106 | ) | |
| | ) | |
| Missouri Bar No. 39212 | ) | |
| | ) | |
| Applicant. | ) | |

### ENTRY OF APPEARANCE

**COMES NOW**, Sharon K. Weedin, and enters her appearance for the Informant,

Office of Chief Disciplinary Counsel, in the above-styled cause.

Respectfully submitted,

ALAN D. PRATZEL        #29141
Chief Disciplinary Counsel

By: _____

Sharon K. Weedin        #30526
Staff Counsel
3327 American Avenue
Jefferson City, MO  65109
(573) 635-7400
(573) 635-2240 fax
Sharon.weedin@courts.mo.gov

**ATTORNEY FOR INFORMANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2017, a true and correct copy of the foregoing was sent via the Missouri Supreme Court e-filing system to Applicant's counsel:

Sara G. Rittman
2208 Missouri Blvd., Ste. 102 #314
Jefferson City, MO 65109-4742

**Counsel for Applicant**

Sharon K. Weedin
_____
Sharon K. Weedin

IN THE SUPREME COURT OF MISSOURI
EN BANC

IN RE:                                    )
                                          )
KENTON M. HALL,                           )        Supreme Court No. SC96824
600 E. 8th Street, Suite A                )
Kansas City, MO  64106                    )
                                          )
Missouri Bar No. 39212                    )
                                          )
              Applicant.                  )

<u>**RESPONSE TO PETITION FOR REINSTATEMENT AND
REQUEST FOR FULL INVESTIGATION**</u>

COMES NOW the Chief Disciplinary Counsel and in response to the Petition for

Reinstatement of Kenton M. Hall informs the Court that the Chief Disciplinary Counsel

believes that a full investigation, report, and recommendation are warranted in this

matter.

Respectfully submitted,

ALAN D. PRATZEL        #29141
Chief Disciplinary Counsel

By:  _Sharon K. Weedin_____
     Sharon K. Weedin        #30526
     Staff Counsel
     3327 American Avenue
     Jefferson City, MO  65109
     (573) 635-7400
     (573) 635-2240 fax
     Sharon.weedin@courts.mo.gov

**ATTORNEY FOR INFORMANT**

## CERTIFICATE OF SERVICE

I, Petitioner, hereby, certifies and declares that on January 17, 2023, I have served the

Original of the following: Exhibit A

**PETITIONER LOPEZ-GARCIA'S MOTION TO RE-OPEN 2255 PROCEEDINGS**
**PURSUANT TO F.R.Civ.P. Rule 60(b)(2), (3), (4) and (d)(3)**

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding,

Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed,

postage prepaid envelope addressed to:

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
550 State Avenue, Room 259
Kansas City, KS 66101

And deposited same in the United States Legal Mail System at the:

USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

    I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under
the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this 17ᵗʰ day of January 2023

Sign Name: _____

**JUAN MANUEL LOPEZ-GARCIA**
Reg. No. 24667-031
USP LEE
U.S. PENITENTIARY
P.O. BOX 305
JONESVILLE, VA 24263

Juan Manuel Lopez-Garcia
Reg. No. 24667-031
USP Lee
US Penitentiary
P.O. Box 305
Jonesville, VA 24263



RECEIVED
JAN 2 4 2023
CLERK, U.S. DISTRICT COURT
KANSAS CITY, KANSAS

UNITED States District Court
District of Kansas
550 State Ave, room 259
Kansas City, KS 66101