## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-20071-JAR-07** |
| **JUAN MANUEL LOPEZ-GARCIA,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Defendant Juan Manuel Lopez-Garcia, a federal prisoner proceeding *pro se*, filed a Fed. R. Civ. P. 60(b) motion seeking to reopen his 28 U.S.C. § 2255 proceeding (Doc. 435) to assert three claims of ineffective assistance of counsel.  Shortly thereafter, he filed a second § 2255 motion seeking to assert those same three claims that he received ineffective assistance of counsel in connection with his underlying criminal proceedings (Doc. 437).  For the reasons stated below, the Court construes Defendant's Rule 60(b) motion as an unauthorized second or successive § 2255 motion, and dismisses both that motion and the § 2255 motion for lack of jurisdiction.  The Court also denies Defendant a Certificate of Appealability.

## I.     Background and Procedural History

### *Pre-Trial*

On September 5, 2014, the government filed a criminal complaint against Defendant.[1] Following his arrest, two superseding indictments were filed, expanding the charges and number of codefendants.[2]  Attorneys Kenton Hall and Preciliano Martinez represented Defendant at trial.

---

[1] Doc. 1.

[2] Docs. 50, 190.

Prior to trial, counsel for Defendant filed a motion to suppress evidence, challenging the affidavit underlying a search warrant.[3]  After a hearing and consideration, the Court denied this motion.[4]  Defendant's counsel also sought leave to inspect transcripts from the grand jury, disclosure of confidential informants, and production of coconspirator statements.[5]  These motions were granted.[6]

Following these pretrial motions, the government filed a Second Superseding Indictment.[7]  Count One of the Second Superseding Indictment charged Defendant and three codefendants with conspiring to possess with intent to distribute more than 50 grams of methamphetamine.  Count Six charged Defendant as an illegal alien possessing firearms, listing four firearms, ammunition, and assault rifle magazines.  The Second Superseding Indictment also included multiple forfeiture allegations against Defendant for both the firearms and related items as well as proceeds of the conspiracy.[8]

### Trial and Appeal

Trial lasted for eleven days from January 12 to January 26, 2016.  The jury returned a guilty verdict against Defendant on both Counts One and Six.[9]  On June 6, 2016, the Court sentenced Defendant to life imprisonment for Count One and ten years' imprisonment for Count Six.[10]

---

[3] Doc. 113.

[4] Doc. 172.

[5] Docs. 114, 115, 116.

[6] Doc. 143.

[7] Doc. 190.

[8] *Id.*

[9] Doc. 312.

[10] Doc. 339.

On June 14, 2016, Martinez withdrew as counsel.  That same day, Defendant, through attorneys Hall and Stephen Patton, appealed his sentence, challenging it as both procedurally and substantively unreasonable.[11]  Defendant argued that his sentence was procedurally unreasonable because the Court imposed a two-level sentencing enhancement for obstruction of justice based on unreliable hearsay evidence and despite the lack of any direct evidence connecting him to the purported threats against witnesses and potential witnesses.  In addition, he asserted that his sentence was substantively unreasonable in comparison to sentences imposed on his codefendants, his lack of criminal history, and based on various policy arguments related to the purposes of sentencing.  While his appeal was pending, Defendant sent a letter to the Tenth Circuit to provide supplemental authority in support of Sixth Amendment claims he wished to raise, but the Tenth Circuit declined to consider it in light of the counseled brief already on file. The Tenth Circuit affirmed Defendant's sentence on November 14, 2017, and the mandate issued on December 6, 2017.[12]

### First § 2255 Proceeding

Defendant then filed a *pro se* Motion to Correct Illegal Sentence Pursuant to 28 U.S.C. § 2255.[13]  Relevant here, he raised ineffective assistance claims against both his trial counsel and his appellate attorneys, alleging that counsel failed: (1) to adequately advise Defendant of his right to testify in his own defense, (2) to adequately interview and prepare trial witnesses, (3) to call several witnesses at trial, (4) to impeach the prosecution witnesses, (5) to inform the Court of the prosecution's violation of Defendant's due process rights and failure to correct false testimony, and (6) to object to jury instructions and request certain omitted instructions.  He also

---

[11] Docs. 341–42; *United States v. Lopez-Garcia*, 713 F. App'x 785, 789 (10th Cir. 2017).

[12] Doc. 382.

[13] Doc. 396.

argued that appellate counsel improperly advised him that his ineffective assistance arguments regarding trial counsel should not be raised on direct appeal.

Defendant also asserted that Hall failed to inform the court that he withdrew as counsel due to the suspension of his license for a sixty-day period.[14]  He alleged that on July 18, 2017, Hall wrote him to advise that his license to practice law was being suspended for sixty days and assured Defendant that this suspension was not due to any violations concerning Defendant's case but due to violations in a previous case.[15]  Defendant further alleged that in his motion to withdraw filed with the Tenth Circuit Court of Appeals in September 2017, Hall stated that new counsel, Patton, had entered an appearance, but failed to mention that his reason for withdrawal was due to his suspension.[16]

This Court denied Defendant's motion for failure to allege facts to support his ineffective assistance of counsel claims that were more than mere speculation or conjecture.[17]  The Tenth Circuit denied Defendant's motion for a certificate of appealability and dismissed his direct appeal.[18]

## II.     Discussion

### A.      Rule 60(b) Motion

Defendant moves for relief under Fed. R. Civ. P. 60(b), which permits a district court to relieve a party from a final judgment or order on the following grounds:

> (1)mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new

---

[14] *Id.* at 12–14.

[15] *Id.*

[16] *Id.*

[17] Doc. 421 at 21–23.

[18] *United States v. Lopez-Garcia*, No. 21-3109, 2022 WL 333138, at *1–2 (10th Cir. Feb. 2, 2022).

> trial under Rule 59(b); (3) fraud. . . misrepresentation, or
> misconduct by an opposing party; (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged
> . . .; or (6) any other reason that justifies relief.[19]

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances."[20]

Before the Court can reach the merits of Defendant's motion, it must first determine whether the motion is a second or successive motion under 28 U.S.C. § 2255, thus depriving the court of subject matter jurisdiction to decide it absent authorization from the Tenth Circuit Court of Appeals.[21] "It is not unusual for defendants who have failed to obtain relief in federal habeas proceedings to attempt to bring new habeas claims in the guise of Rule 60(b) motions"[22] The Tenth Circuit has explained how to distinguish a true Rule 60(b) motion from a second or successive § 2255 claim. "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or reasserts claims of error in the prisoner's conviction."[23] "[A] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction."[24] "In contrast, if the motion 'seeks to correct an error in the previously conducted [§ 2255] proceeding itself,' it is not characterized as a successive motion."[25] A motion is not a second or successive habeas petition if it attacks "some defect in

---

[19] Fed. R. Civ. P. 60(b).

[20] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted).

[21] *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1269 (10th Cir. 2015); *see also* 28 U.S.C. § 2255(h).

[22] *In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012).

[23] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

[24] *Id.* at 1207.

[25] *Id.* at 1206 (quoting *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

the integrity of the federal habeas proceedings" without attacking "the substance of the federal court's resolution of a claim on the merits."[26] "Fraud on the federal habeas court is one example of such a defect."[27]

Defendant's motion raises three claims under Rule 60(b), each related to allegations that he received ineffective assistance due to Hall's failure to inform Defendant that he had been suspended from the practice of law. Defendant claims that had he been properly informed, he would not have opted to proceed to trial, but would have sought the most favorable plea offer; that as a result of Hall's purported deception, his not guilty plea was not knowingly and voluntarily made; and that Hall's misleading advice effectively deprived him of counsel.

The Court treats these claims a part of a successive § 2255 motion. Defendant's ineffective assistance claims do not challenge any procedural ruling on his first § 2255 motion or allege any defect in the integrity of the prior § 2255 proceeding. Instead, Defendant's claims involve either a merits-based attack on this Court's ruling on his first § 2255 motion or additional grounds in support of his claims of ineffective assistance in his underlying criminal proceedings and on appeal. The Court therefore construes these claims as part of an unauthorized second or successive motion to vacate under § 2255.[28]

---

[26] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[27] *Id.* at 532 n.5.

[28] *See Alford v. Cline*, 696 F. App'x 871, 873 (10th Cir. 2017) (new claims that defendant could have but did not previously assert are second or successive); *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (second or successive claims in substance or effect assert or reassert federal basis for relief); *United States v. James*, 660 F. App'x 607, 610 (10th Cir. 2016) (motion to reconsider that adds claims of ineffective assistance of counsel was unauthorized second or successive § 2255 motion); *United States v. Moreno*, 655 F. App'x 708, 713 (10th Cir. 2016) (motion to reconsider that reargues and expands upon prior substantive challenges to conviction not a true Rule 60(b) motion).

**B.      Relief Under 28 U.S.C. § 2255**

Second or successive habeas corpus motions are subject to additional restrictions under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(b).[29]  Such a motion requires prior authorization by the appropriate circuit court demonstrating that it meets certain stringent criteria.[30]  Without the requisite authorization, the district court must determine whether it is in the interest of justice to transfer it to the circuit court under 28 U.S.C. § 1631 or whether to dismiss the motion for lack of jurisdiction.[31]  The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to this court for authorization."[32]

The phrase "in the interest of justice" has been interpreted as giving the district court discretion to decide whether to transfer or dismiss an action.  Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[33]  A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact

---

[29] *Gonzalez*, 545 U.S. at 526.

[30] *Id.* at 528.

[31] *In re Cline*, 531 F.3d 1248, 1252 (10th Cir. 2008).

[32] *Id.*

[33] *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive on collateral review by the Supreme Court that was previously unavailable.[34]  Finally, the one-year statute of limitations begins to run on successive § 2255 motions from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.[35]

Defendant asserts the same three claims of ineffective assistance of counsel in his Rule 60(b) motion and his § 2255 motion.  The Court finds that these motions fail to meet authorization standards for a second or successive petition for relief under § 2255.  The record does not show that Defendant applied for or received authorization from the Tenth Circuit for a second or successive § 2255 motion on these grounds.  Because Defendant's motions are without authorization, the Court must determine whether it is in the interest of justice to transfer them to the Tenth Circuit or dismiss them for lack of jurisdiction.

It appears that Defendant argues these claims are based on newly discovered evidence under § 2255(h)(1), and that he did not discover this new evidence until he obtained Hall's disciplinary records at some undisclosed time.[36]  The Tenth Circuit has explained that the narrow exception to the bar on second § 2255 motions applies only "where the factual basis of a claim does not yet exist—not where it has simply not yet been discovered—at the time of a defendant's first motion."[37]  It is not apparent that these recently discovered details of Hall's suspension in Kansas constitute newly discovered evidence, as his first § 2255 motion raised the fact of Hall's suspension in Missouri as grounds for his ineffective assistance claim.  In any event, Defendant

---

[34] *United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2006).

[35] 28 U.S.C. § 2255(f).

[36] Doc. 439-2.

[37] *United States v. Williams*, 790 F.3d 1059, 1068 (10th Cir. 2015).

has not overcome the procedural hurdle to show that this purported newly discovered evidence would establish his innocence, as his claims allege that had he known of Hall's suspension, he would have plead guilty and not proceeded to trial.  Accordingly, he does not meet the requirements for relief under § 2255(h)(1).

Moreover, Defendant's ineffective assistance claims are not likely to have merit. Although Hall's license to practice in Kansas state court was administratively suspended by the Kansas Supreme Court for failure to pay fees, he represented Defendant in the United States District Court for the District of Kansas and the Tenth Circuit Court of Appeals.  After reviewing the disciplinary proceeding record and orders attached to Defendant's Declaration, as well as the decision of the Kansas Supreme Court suspending Hall's license for six months, the Court takes judicial notice that: the Kansas Supreme Court suspended Hall's license for disciplinary reasons unrelated to his representation of Defendant; this suspension did not occur until after Hall represented Defendant in the underlying criminal proceedings; and in both of those jurisdictions, Hall's license was in good standing at the time he represented Defendant.[38]  Moreover, Hall was co-counsel with Martinez at trial and Patton on appeal, which belies Defendant's claim that he was constructively denied counsel.[39]

The Court therefore finds that it is not in the interest of justice to transfer the case to the Tenth Circuit and Defendant's motions are dismissed for lack of jurisdiction as unauthorized

---

[38] *See* Doc. 439-2; *In re Hall*, 377 P.3d 1149, 1161 (Kan. 2016) (relaying factual history of Hall's administrative suspension for failure to pay fees, allowing his license to become inactive, yet moving to represent clients *pro hac vice* in State of Kanas cases without listing that his license was suspended in Kansas; ordering disciplinary suspension for six months on September 2, 2016); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obligated to do so, [the court] may exercise [its] discretion to take judicial notice of publicly-filed records in [its] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.") (citation omitted).

[39] *See United States v. Cronic*, 466 U.S. 648, 658–59 (1984) (presuming prejudice under the Sixth Amendment when defendant is denied assistance of or counsel at a critical stage of the proceeding).

second or successive § 2255 motions.  The Court further finds that a certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[40]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Juan Manuel Lopez-Garcia's Motion to Reopen 2255 Proceedings Pursuant to Rule 60(b) (Doc. 435) is construed as an unauthorized second or successive motion under 28 U.S.C. § 2255 and **dismissed** for lack of jurisdiction as an unauthorized second or successive § 2255 motion;

**IT IS FURTHER ORDERED THAT** Defendant's Motion to Vacate, Set Aside, or Correct his conviction and sentence pursuant to § 28 U.S.C. § 2255 (Doc. 437) is **dismissed** as an unauthorized second of successive motion.  Defendant is also denied a certificate of appealability.  Defendant's motion to Amend/Correct his § 2255 motion (Doc. 440) to reflect his correct name is **granted**.

**IT IS SO ORDERED.**

Dated: June 2, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[40] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).