IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN MANUEL LOPEZ-GARCIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:14-CR-20071-JAR-7

# MEMORANDUM AND ORDER

Petitioner Juan Manuel Lopez-Garcia, a federal prisoner proceeding *pro se*, filed a Motion Pursuant to Fed. R. Civ. P. 15(c)(1)(B) (Doc. 450) seeking to amend the pleadings in his original 28 U.S.C. § 2255 proceeding, through the use of the relation-back doctrine. As explained in more detail below, the Court construes Petitioner's Rule 15(c)(1)(B) motion as an unauthorized successive § 2255 motion, and dismisses the motion for lack of jurisdiction. The Court also denies Petitioner a certificate of appealability ("COA").

**I.    Background and Procedural History**

*Pre-Trial*

On September 5, 2014, the government filed a criminal complaint against Petitioner.[1] Following his arrest, two superseding indictments were filed, expanding the charges and the number of co-defendants.[2] Attorneys Kenton Hall and Preciliano Martinez represented Petitioner at trial.

---

[1] Doc. 1.
[2] Docs. 50, 190.

Prior to trial, counsel for Petitioner filed a motion to suppress evidence, challenging the affidavit underlying a search warrant.³ After a hearing and consideration, this Court denied the motion.⁴ Petitioner's counsel also sought leave to inspect transcripts from the grand jury, disclosure of confidential informants, and production of co-conspirator statements.⁵ The Court granted these motions.⁶

Following the pretrial motions, the government filed a Second Superseding Indictment.⁷ Count One of the Second Superseding Indictment charged Petitioner and three co-defendants with conspiring to possess with intent to distribute more than 50 grams of methamphetamine. Count Six charged Petitioner with possessing firearms as an illegal alien. The Second Superseding Indictment also included multiple forfeiture allegations against Petitioner.⁸

### *Trial and Appeal*

Trial lasted for eleven days from January 12 to January 26, 2016. The jury returned a guilty verdict against Petitioner on Counts One and Six.⁹ On June 6, 2016, the Court sentenced Petitioner to life imprisonment for Count One and ten years' imprisonment for Count Six.¹⁰

On June 14, 2016, Martinez withdrew as counsel. That same day, Petitioner, through attorneys Hall and Stephen Patton, appealed his sentence, challenging it as both procedurally and substantively unreasonable.¹¹ Petitioner argued that his sentence was procedurally unreasonable

---

³ Doc. 113.

⁴ Doc. 172.

⁵ Docs. 114, 115, 116.

⁶ Doc. 143.

⁷ Doc. 190.

⁸ *Id.*

⁹ Doc. 312.

¹⁰ Doc. 339.

¹¹ Docs. 341–42; *United States v. Lopez-Garcia*, 713 F. App'x 785, 787 (10th Cir. 2017).

because the Court imposed a two-level sentencing enhancement for obstruction of justice based on unreliable hearsay evidence, and without any direct evidence connecting him to the purported threats against witnesses and potential witnesses.[12]  In addition, he asserted that his sentence was substantively unreasonable in comparison to sentences imposed on his co-defendants, his lack of criminal history, and based on various policy arguments related to the purposes of sentencing.[13] The Tenth Circuit affirmed Petitioner's sentence on November 14, 2017,[14] and the mandate issued on December 6, 2017.[15]

### *First § 2255 Proceeding*

On August 27, 2018, Petitioner filed a *pro se* Motion to Correct Illegal Sentence Pursuant to 28 U.S.C. § 2255.[16]  Petitioner raised ineffective assistance claims against both his trial counsel and his appellate attorneys.  Relevant here, Petitioner asserted that Hall failed to inform the Court that he withdrew as counsel due to the suspension of his license for a sixty-day period.[17]  Petitioner alleged that Hall advised him, during the appeal, that Hall's license to practice law was being suspended for sixty days, and that Hall assured Petitioner that this suspension was not due to any violations concerning Petitioner's case.[18]  Petitioner alleged that in Hall's motion to withdraw as counsel, filed with the Tenth Circuit in September 2017, Hall

---

[12] *Lopez-Garcia*, 713 F. App'x at 787.

[13] *Id.* at 788–89.

[14] *Id.* at 789.

[15] Doc. 382.

[16] Doc. 396.

[17] *Id.* at 12–14.

[18] *Id.*

3

failed to state that his reason for withdrawal was due to his law license suspension, and instead simply stated that new counsel, Patton, had entered an appearance.[19]

This Court denied Petitioner's motion for failure to allege facts to support his ineffective assistance of counsel claims that were more than mere speculation or conjecture.[20] Petitioner then sought a COA from the Tenth Circuit to appeal the denial of his § 2255 motion.[21] On February 2, 2022, the Tenth Circuit denied Petitioner's motion for a COA and dismissed the matter.[22]

### *Second § 2255 Proceeding*

On January 23, 2023, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b), seeking to reopen his § 2255 proceedings.[23] Three days later, Petitioner also filed a Motion to Vacate under 28 U.S.C. § 2255.[24] On June 2, 2023, the Court first construed Petitioner's Rule 60(b) motion as a second or successive § 2255 motion, and then denied both motions for lack of jurisdiction.[25]

Relevant here, Petitioner's motions raised claims of Hall's ineffective assistance of counsel, due to Hall's failure to inform Petitioner that he had been suspended from the practice of law. The Court held that the motions failed to meet authorization standards for a second or successive petition for relief under § 2255. Petitioner did not apply for, or receive, authorization from the Tenth Circuit for a second or successive § 2255 motion before he sought successive

---

[19] *Id.*

[20] Doc. 421 at 21–23.

[21] Doc. 422.

[22] Doc. 427; *United States v. Lopez-Garcia*, No. 21-3109, 2022 WL 333138, at *1–2 (10th Cir. Feb. 2, 2022).

[23] Doc. 435.

[24] Doc. 437.

[25] Doc. 441.

4

habeas relief. The Court then determined that it was not in the interest of justice to transfer Petitioner's motions to the Tenth Circuit, because Petitioner's claims did not meet the requirements for relief under § 2255(h)(1). Furthermore, the Court found that Petitioner's evidence of Hall's suspension was not newly discovered evidence, and even if it was, Petitioner did not show that the purported newly discovered evidence would establish his innocence.

The Court nonetheless considered Petitioner's ineffective assistance claims, and concluded that they were not likely to have merit. Specifically, the Court took judicial notice that: (1) the Kansas Supreme Court suspended Hall's license for disciplinary reasons unrelated to his representation of Petitioner; (2) this suspension did not occur until after Hall represented Petitioner in the underlying criminal proceedings; and (3) in both of the jurisdictions in which Hall represented Petitioner—the District of Kansas and the Tenth Circuit Court of Appeals—Hall's license was in good standing during his representation of Petitioner.[26] The Court also noted that Hall was co-counsel with Martinez at trial and Patton on appeal, which belied Petitioner's claim that he was constructively denied counsel. Ultimately, the Court dismissed both of Petitioner's motions for lack of jurisdiction, and found that a COA was not warranted.

Petitioner then sought a COA from the Tenth Circuit to appeal the Court's dismissal of his motions.[27] On September 28, 2023, the Tenth Circuit denied Petitioner a COA and dismissed the matter.[28] Specifically, the Tenth Circuit found that reasonable jurists could not debate that Petitioner's Rule 60(b) motion and § 2255 motion were both unauthorized successive § 2255

---

[26] *See* Doc. 439-2; *In re Hall*, 377 P.3d 1149, 1161 (Kan. 2016) (relaying factual history of Hall's administrative suspension and ordering disciplinary suspension for 60 days on September 2, 2016).

[27] Doc. 442.

[28] *United States v. Lopez-Garcia*, No. 23-3114, 2023 WL 6314096, at *2 (10th Cir. Sept. 28, 2023) (entered Sept. 29, 2023).

habeas relief. The Court then determined that it was not in the interest of justice to transfer Petitioner's motions to the Tenth Circuit, because Petitioner's claims did not meet the requirements for relief under § 2255(h)(1). Furthermore, the Court found that Petitioner's evidence of Hall's suspension was not newly discovered evidence, and even if it was, Petitioner did not show that the purported newly discovered evidence would establish his innocence.

The Court nonetheless considered Petitioner's ineffective assistance claims, and concluded that they were not likely to have merit. Specifically, the Court took judicial notice that: (1) the Kansas Supreme Court suspended Hall's license for disciplinary reasons unrelated to his representation of Petitioner; (2) this suspension did not occur until after Hall represented Petitioner in the underlying criminal proceedings; and (3) in both of the jurisdictions in which Hall represented Petitioner—the District of Kansas and the Tenth Circuit Court of Appeals—Hall's license was in good standing during his representation of Petitioner.[26] The Court also noted that Hall was co-counsel with Martinez at trial and Patton on appeal, which belied Petitioner's claim that he was constructively denied counsel. Ultimately, the Court dismissed both of Petitioner's motions for lack of jurisdiction, and found that a COA was not warranted.

Petitioner then sought a COA from the Tenth Circuit to appeal the Court's dismissal of his motions.[27] On September 28, 2023, the Tenth Circuit denied Petitioner a COA and dismissed the matter.[28] Specifically, the Tenth Circuit found that reasonable jurists could not debate that Petitioner's Rule 60(b) motion and § 2255 motion were both unauthorized successive § 2255

---

[26] *See* Doc. 439-2; *In re Hall*, 377 P.3d 1149, 1161 (Kan. 2016) (relaying factual history of Hall's administrative suspension and ordering disciplinary suspension for 60 days on September 2, 2016).

[27] Doc. 442.

[28] *United States v. Lopez-Garcia*, No. 23-3114, 2023 WL 6314096, at *2 (10th Cir. Sept. 28, 2023) (entered Sept. 29, 2023).

motions that did not satisfy the requirements of the habeas rules.[29] Thus, the Court was correct in dismissing those motions for lack of jurisdiction.[30]

### *Further § 2255 Proceedings*

Soon after, Petitioner sought permission directly from the Tenth Circuit to file a successive habeas petition under § 2255.[31] Petitioner asserted that a successive petition was warranted due to newly discovered evidence—records showing that Hall's law license had been suspended during the time Hall represented Petitioner. On December 11, 2023, the Tenth Circuit denied Petitioner's motion, finding that the proposed evidence was "not the type of newly discovered evidence that could justify a second or successive § 2255 motion."[32]

## II.   Discussion

As explained in detail below, though Petitioner's instant motion was creatively filed under the relation-back doctrine, the Court construes it as yet another unauthorized successive § 2255 motion. Thus, the Court dismisses the motion for lack of jurisdiction.

### A.   Construction of Motion

Petitioner seeks to amend his initial § 2255 pleading[33] under Rule 15(c)(1)(B) to include evidence of Hall's suspension and disciplinary records. Petitioner notes that this Court dismissed his initial ineffective assistance of counsel claims for lack of factual support, and he seeks to add that factual support now, through the relation-back doctrine. Fed. R. Civ. P. 15(c)(1)(B)

---

[29] *Id.*

[30] *Id.*

[31] *See* Doc. 447 (noting that the Tenth Circuit received a petition for permission to file a success habeas petition from Petitioner, dated November 28, 2023).

[32] *See* Doc. 448 (copy of *In re: Juan Manuel Lopez-Garcia*, No. 23-3247, Doc. 010110966667 (10th Cir. Dec. 11, 2023)).

[33] Doc. 396 (filed August 27, 2018).

provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions" or the habeas rules.[34]

Here, allowing Petitioner to amend his original habeas motion under Rule 15(c)(1)(B) would be inconsistent with the statutory habeas provisions. Petitioner quotes at length from *Ross v. Williams*,[35] a Ninth Circuit case which allowed a petitioner to amend a habeas petition through the relation-back doctrine. However, that case is easily distinguishable. In *Ross*, the petitioner timely filed his first federal habeas petition *pro se*, and the District of Nevada appointed counsel to assist him with his case.[36] Later, with the assistance of counsel, Ross filed an amended petition, but the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired.[37] The District of Nevada dismissed the amended petition upon a finding that: (1) it was untimely; and (2) did not relate back to his original petition because the original petition was devoid of similar factual allegations.[38] The Ninth Circuit reversed, in an *en banc* opinion, and held that at least one claim in Ross's amended petition related back to his original petition.[39] Accordingly, the Ninth Circuit remanded the case to the

---

[34] Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"), R. 12; Fed. R. Civ. P. 81(a)(4); 28 U.S.C. § 2242 ("Application[s] for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").

[35] 950 F.3d 1160 (9th Cir. 2020) (en banc).

[36] *Id.* at 1164–65.

[37] *Id.* at 1165.

[38] *Id.*

[39] *Id.* at 1174–75.

District of Nevada to consider which claims in the amended petition related back to the original petition.[40]

Here, Petitioner does not move to amend a pending habeas petition (as in *Ross*)—he seeks to reopen his first habeas petition, filed almost six years ago, after seeking the exact same relief in three successive habeas petitions. This is not a proper invocation of Rule 15(c)(1)(B), but rather is an attempt to use the relation-back doctrine to circumvent the statutory restrictions on successive habeas motions. Such a use of Rule 15 is clearly inconsistent with the rules governing habeas proceedings. Thus, the Court declines to consider whether Petitioner has satisfied the requirements of the relation-back doctrine.

Instead, Petitioner's motion should be construed as a motion under § 2255. Petitioner sought permission from the Tenth Circuit, two months before filing the instant motion, to file a successive § 2255 motion. The Tenth Circuit denied authorization. Petitioner now asserts the same claims that he presented to the Tenth Circuit. Evidently, the instant motion is the same substantive motion that the Tenth Circuit denied Petitioner authorization to file as a successive § 2255 motion. In fact, Petitioner seeks to assert the same claims that this Court has denied twice, and the Tenth Circuit has denied three times. Petitioner may not subvert the statutory constraints on successive habeas appeals under the guise of the relation-back doctrine. The Court therefore construes Petitioner's motion as an unauthorized successive motion to vacate under § 2255.

### B.      Relief Under 28 U.S.C. § 2255

Second or successive habeas corpus motions are subject to restrictions under AEDPA.[41] Such a motion requires prior authorization by the appropriate circuit court demonstrating that it

---

[40] *Id.*

[41] 28 U.S.C. § 2244.

8

meets certain stringent criteria.[42] If a petitioner files a successive habeas motion without the requisite authorization, the district court may either transfer the matter to the circuit court under 28 U.S.C. § 1631, if it is in the interest of justice to do so, or dismiss the motion for lack of jurisdiction.[43] The phrase, "if it is in the interest of justice," has been interpreted as giving the district court discretion to decide whether to transfer or dismiss an action.[44] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes that it is not in the interest of justice to transfer the matter to this court for authorization."[45] One factor that is relevant in deciding whether a transfer is in the interest of justice is "whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."[46]

Petitioner asserts the same claims of ineffective assistance of counsel in his instant motion that he asserted in his prior § 2255 motions. Petitioner sought authorization from the Tenth Circuit to file a successive § 2255 motion on these grounds, and it was denied. The Court may not decide successive habeas motions absent authorization from the Tenth Circuit, and it certainly may not decide successive habeas motions after the Tenth Circuit explicitly denied authorization.

Because Defendant's motion is without authorization, the Court must determine whether it is in the interest of justice to transfer the motion to the Tenth Circuit, or if dismissal for lack of

---

[42] *Id.*; 28 U.S.C. § 2255(h).

[43] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[44] *Id.* at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006)).

[45] *Id.* at 1252.

[46] *Id.* at 1251 (citing *Trujillo*, 465 F.3d at 1233 n.16).

9

jurisdiction is proper. The Court finds that it is not in the interest of justice to transfer this motion to the Tenth Circuit because it was clear at the time of filing that this Court lacked jurisdiction. Petitioner's reframing of his motion under the relation-back doctrine does not counteract the fact that he sought permission from the Tenth Circuit to file the same substantive motion and was denied. Therefore, Petitioner's motion is dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion.

## III.     Certificate of Appealability

Under Rule 11 of the Rules Governing § 2255 Proceedings, the Court must issue or deny a COA when making a ruling adverse to the petitioner. When a court denies a habeas petition "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue" only when reasonable jurists could debate "whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."[47]

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."[48] Here, reasonable jurists could not debate the fact that Petitioner's instant motion is a successive § 2255 motion. Nor could they debate the fact that the Tenth Circuit already denied Petitioner authorization to file the motion. The Court therefore denies a COA as to its ruling dismissing Petitioner's motion for lack of jurisdiction.

---

[47] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2).

[48] *Slack*, 529 U.S. at 484.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Lopez-Garcia's Motion Pursuant to Fed. R. Civ. P. 15(c)(1)(B) (Doc. 450) is construed as an unauthorized successive motion under 28 U.S.C. § 2255, and is **dismissed** for lack of jurisdiction.  Petitioner is also **denied** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: April 8, 2024

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE