IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUAN MANUEL LOPEZ-GARCIA,

Petitioner,

v.

Case No. 2:14-CR-20071-JAR-7

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

Before the Court is Petitioner Juan Manuel Lopez-Garcia's Motion to Reopen § 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b)(3), (4), and (6) (Doc. 478).  As explained in more detail below, the Court denies Petitioner's motion under Rule 60(b) and denies a certificate of appealability ("COA").

## I.       Background and Procedural History

Petitioner went to trial on two charges on January 12, 2016: possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm by an illegal alien. The jury found Petitioner guilty on both counts.[1]  On June 6, 2016, the Court sentenced Petitioner to life imprisonment on the drug count and ten years' imprisonment on the firearms count.[2]  Kenton Hall was one of Petitioner's attorneys.

The Tenth Circuit affirmed Petitioner's sentence on November 14, 2017.[3]  On August 27, 2018, Petitioner filed a pro se Motion to Correct Illegal Sentence Pursuant to 28 U.S.C. § 2255,[4]

---

[1] Doc. 312.

[2] Doc. 339.

[3] Doc. 382; *United States v. Lopez-Garcia*, 813 F. App'x 785, 789 (10th Cir. 2017).

[4] Doc. 396.

in which he raised ineffective assistance claims against his trial and appellate attorneys.  As part of his claim, Petitioner asserted that Hall failed to inform the Court that he withdrew as counsel due to the suspension of his license for a sixty-day period.[5]  Petitioner alleged that Hall advised him during the appeal that Hall's license to practice law was being suspended for sixty days, and that Hall assured Petitioner that this suspension was not due to any violations concerning Petitioner's case.[6]  Petitioner alleged that in Hall's motion to withdraw as counsel, filed with the Tenth Circuit in September 2017, Hall failed to state that his reason for withdrawal was his law license suspension, and instead simply stated that new counsel had entered an appearance.[7]

On June 1, 2021, this Court denied Petitioner's § 2255 motion.[8]  Petitioner sought a COA from the Tenth Circuit to appeal the denial of his § 2255 motion,[9] but the Tenth Circuit denied Petitioner's motion and dismissed the matter.[10]

Petitioner then filed a series of motions seeking to challenge his conviction and sentence based on Hall's license suspension during Petitioner's appeal.  In the Court's Order ruling on Petitioner's most recent motion, it catalogued his five prior attempts to challenge his conviction and sentence, and, once again, determined that his motion was an unauthorized second or successive motion under § 2255, and dismissed it for lack of jurisdiction.[11]

---

[5] *Id.* at 12–14.

[6] *Id.*

[7] *Id.*

[8] Doc. 421 at 21–23.

[9] Doc. 422.

[10] Doc. 427; *United States v. Lopez-Garcia*, No. 21-3109, 2022 WL 333138, at *1–2 (10th Cir. Feb. 2, 2022).

[11] Doc. 477.

**II.    Discussion**

In the instant motion, Petitioner attempts, for the seventh time since the denial of his original § 2255 motion, to obtain postconviction relief.  As the Court explained in its last Order, "[h]abeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court."[12]  The Antiterrorism and Effective Death Penalty Act of 1996 provides "strict procedural hurdles" that the filer must clear in order for a Court to address a second or successive habeas filing on the merits.[13]  Under 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  If a petitioner files such a motion that is unauthorized, the Court "does not even have jurisdiction to deny the relief sought in the pleading."[14]

As with his last motion, Petitioner invokes Fed. R. Civ. P. 60(b).  "It is not unusual for defendants who have failed to obtain relief in federal habeas proceedings to attempt to bring new habeas claims in the guise of Rule 60(b) motions."[15]  But regardless of its title, if the motion "'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits' [it] can be construed as a second or successive petition and forced to face the gauntlet of § 2244(b), no matter how it is labeled."[16]  The Tenth Circuit has explained how to distinguish a true Rule 60(b) motion from a second or successive § 2255 claim.  "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion . . . if it asserts or

---

[12] *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (quoting *Banister v. Davis*, 590 U.S. 504, 507 (2020)).

[13] *Id.* at 446.

[14] *United States v. Springer*, 875 F.3d 968, 972 (10th Cir. 2017) (quoting *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

[15] *In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012).

[16] *Rivers*, 605 U.S. at 451 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

reasserts claims of error in the prisoner's conviction."[17]  "In contrast, if the motion 'seeks to correct an error in the previously conducted [§ 2255] proceeding itself,' it is not characterized as a successive motion."[18]  A motion is not a second or successive habeas petition if it attacks "some defect in the integrity of the federal habeas proceedings" without attacking "the substance of the federal court's resolution of a claim on the merits."[19]  "Fraud on the federal habeas court is one example of such a defect."[20]

This time, Petitioner does not discuss his ineffective assistance of counsel claim in this motion.  He repeatedly states that he does not intend to assert a new claim for relief, and that he does not seek to challenge his conviction or sentence.  Instead, he asks the Court to find that the Court's original ruling on his § 2255 motion "relied on an incomplete and materially misleading factual presentation," which caused the Court to deny his motion.[21]  Thus, he seeks relief under Rule 60(b)(3) based on a misrepresentation that affected the habeas proceeding, under Rule 60(b)(4) because the judgment is void, and under Rule 60(b)(6) due to extraordinary circumstances.  Despite repeatedly stating what his motion is *not*, Petitioner fails to identify at any point in his motion the reason he contends the original habeas record was incomplete, or how the Court based its denial on a misleading factual premise.

Thus, even construing Petitioner's filing as a true Rule 60(b) motion, he has not met his burden of demonstrating an entitlement to relief.  First, the motion is untimely.  Motions under

---

[17] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

[18] *Id.* (quoting *Nelson*, 465 F.3d at 1147).

[19] *Gonzalez*, 545 U.S. at 532.

[20] *Id.* at 532 n.5; *see also United States v. Hall*, 737 F. App'x 889, 892–93 (10th Cir. 2018) (finding that petition was not second or successive because it alleged fraud on the habeas court but declining to remand because the "evidence ultimately does not undermine the result in the § 2255 proceeding").

[21] Doc. 478 at 2.

Rule 60(b)(3) must be made within one year after entry of judgment, and otherwise "made within a reasonable time."[22]  Petitioner's motion under Rule 60(b)(3) was filed well past the one-year statute of limitations.  And his motion was not made within a reasonable time.[23]  To be filed within a reasonable time, the Court looks at "the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties."[24]  This motion was filed almost five years after the Court ruled on Petitioner's original § 2255 petition.  In the interim, he has attempted six other times to seek relief from that decision.  In every case, this Court or the Tenth Circuit found his motions constitute unauthorized second or successive § 2255 motions.  Petitioner offers no reason why the Court should consider this lengthy passage of time reasonable under the circumstances of this case.

Second, even if the instant motion was timely filed, Petitioner fails to explain the basis for relief under Rule 60(b) beyond conclusory assertions.  He does not explain how the original habeas proceeding was based on a misrepresentation, as required by Rule 60(b)(3).  Nor has he demonstrated that the Court lacked subject matter jurisdiction or acted without due process in the habeas proceeding, so he cannot show a violation of Rule 60(b)(4).  The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[25]  But the rule applies "only in extraordinary circumstances and only when necessary to

---

[22] Fed. R. Civ. P. 60(c)(1).

[23] *See Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 146 S. Ct. 579, 585 (2026) (holding that the "reasonable time" limit applies to motions under Rule 60(b)(4)).

[24] *Mullin v. High Mountain*, 182 F. App'x 830, 832–33 (10th Cir. 2006) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

[25] *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).

accomplish justice."[26]  Such extraordinary circumstances "rarely occur in the habeas context."[27]

Petitioner has not shown extraordinary circumstances are present that would justify relief under

Rule 60(b)(6).  In sum, Petitioner fails to show that relief under Rule 60(b) is warranted.

## III.    Certificate of Appealability

When a district court considers and denies a "true" Rule 60(b) motion in a habeas case,

the movant must obtain a certificate of appealability ("COA") before filing an appeal.[28]  A COA

may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right."[29]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong."[30]  "Where a

plain procedural bar is present and the district court is correct to invoke it to dispose of the case,

a reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further."[31]

Here, reasonable jurists could not debate the fact that Petitioner's instant motion is

untimely.  Nor could they debate the fact that Petitioner has failed to demonstrate a basis for

relief under Rule 60(b).  The Court therefore denies a COA as to its ruling denying Petitioner's

motion.

---

[26] *Id.* (quoting *Cashner*, 98 F.3d at 579).

[27] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

[28] *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006).

[29] 28 U.S.C. § 2253(c)(2).

[30] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).

[31] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Lopez-Garcia's Motion to Reopen § 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b)(3), (4), and (6) (Doc. 478) is **denied**.  Petitioner is also **denied** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: April 7, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
